**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 190040-U

Order filed August 12, 2021

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Kankakee County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0040 Circuit No. 16-CF-174 |
| COLEMAN HOWARD DAVIS JR., | ) ) ) | Honorable Clark E. Erickson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE LYTTON delivered the judgment of the court.
Justices Daugherity and Holdridge concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:  The State proved defendant guilty of unlawful possession of a weapon by a felon beyond a reasonable doubt.

¶ 2     Defendant, Coleman Howard Davis Jr., appeals his conviction for unlawful possession of a weapon by a felon (UPWF), arguing the State failed to prove beyond a reasonable doubt that he constructively possessed the firearm in question.  We affirm.

¶ 3                                I. BACKGROUND

¶ 4    The State charged defendant with UPWF (720 ILCS 5/24-1.1(a) (West 2016)) and unlawful possession of cannabis (720 ILCS 550/4(d) (West 2016)).  Before trial, the parties stipulated that defendant had a prior felony conviction.  The matter proceeded to a jury trial.

¶ 5    Officer Joshua Schneider of the Kankakee Police Department testified that he and several other officers executed a search warrant on defendant's residence on April 19, 2016.  Schneider found in defendant's bedroom a firearm, ammunition, and proof of residence.  The firearm was loaded and was found between the mattress and the box spring.  Officers also discovered cannabis and a digital scale in the residence.

¶ 6    Letonya Simington testified that she was defendant's fiancée and that they lived together.  According to Simington, defendant's 17-year-old son, G.D., had been living with them for approximately five months at the time of the search.  Simington did not own a firearm, and she denied having any knowledge of the firearm discovered in defendant's bedroom.  She also testified that she did not smoke cannabis, did not bring cannabis into the residence, and knew nothing about the cannabis found in the residence.  Simington testified that, the night prior to the search, she and defendant slept in the living room, not defendant's bedroom.

¶ 7    On cross-examination, Simington explained that G.D. was living with her and defendant for his safety because he had been shot while staying with his mother.  The night before the search, G.D. had two friends sleep over at the house.  They slept in defendant's bedroom while defendant and Simington slept in the living room.  G.D. had friends over two or three times per week.

¶ 8    Officer Ray Pasel of the Kankakee Police Department testified that he interviewed Simington after the search, and the State played a video recording of the interview for the jury.  During the interview, Simington repeatedly asserted that no one else lived with her and defendant.  Simington said that she and defendant slept in the defendant's bedroom.  She noted that G.D. and

2

his friends visited frequently. Simington said the firearm found in defendant's bedroom did not belong to her. When Pasel specifically asked whether Simington and defendant were the only two people who lived in the residence, Simington responded affirmatively.

¶ 9        The jury found defendant guilty of both charged offenses. The court sentenced defendant to 5½ years' imprisonment. Defendant appeals.

¶ 10                                    II. ANALYSIS

¶ 11        Defendant argues the State failed to prove beyond a reasonable doubt that he constructively possessed the firearm, contending the State presented no evidence that defendant had knowledge of the firearm.

¶ 12        "A criminal conviction will not be set aside unless the evidence is so improbable or unsatisfactory that it creates a reasonable doubt of the defendant's guilt." *People v. Collins*, 106 Ill. 2d 237, 261 (1985). It is not a reviewing court's role to retry defendant; instead, we must ask whether, " 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (Emphasis in original.) *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The trier of fact must "resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from the facts." *People v. Gray*, 2017 IL 120958, ¶ 35. A reviewing court will not replace the trier of fact's judgment with its own regarding the weight of the evidence or witnesses' credibility. *Id.* "The trier of fact is not required to accept or otherwise seek out any explanations of the evidence that are consistent with a defendant's innocence; nor is the trier of fact required to disregard any inferences that do flow from the evidence." *People v. Bogan*, 2017 IL App (3d) 150156, ¶ 26.

¶ 13    "It is unlawful for a person to knowingly possess *** in his own abode *** any firearm or any firearm ammunition if the person has been convicted of a felony ***."  720 ILCS 5/24-1.1(a) (West 2016).  "Where possession is an element of a charged offense, and a defendant is not found in actual possession, the State must instead prove constructive possession."  *Bogan*, 2017 IL App (3d) 150156, ¶ 27.  "Constructive possession is frequently proven through circumstantial evidence alone."  *Id.*  Constructive possession may be proved by evidence that the defendant had knowledge of the item's presence and had immediate and exclusive control over the area where the item was found.  *People v. Love*, 404 Ill. App. 3d 784, 788 (2010).  Proof that a defendant had control over the premises where the item is found gives rise to an inference of knowledge and possession of that item.  *People v. Givens*, 237 Ill. 2d 311, 335 (2010).  A defendant's proved habitation in the premises where an item is found is sufficient evidence of control of the location to establish constructive possession.  *People v. Spencer*, 2012 IL App (1st) 102094, ¶ 17.  Constructive possession is not diminished by evidence of others access to contraband.  *Givens*, 237 Ill. 2d at 338.

¶ 14    Here, the evidence showed that officers discovered the firearm in defendant's bedroom, along with proof of his residence.  During her interview with Pasel, Simington repeatedly asserted that she and defendant were the only individuals who lived in the residence, and that she had no knowledge of the firearm found in the defendant's bedroom.  Further, while Simington testified that G.D. and his friends spent the night before the search in defendant's bedroom, she acknowledged that she and defendant usually slept there.  This evidence gives rise to the reasonable inference that defendant had knowledge and possession of the firearm, thereby allowing a rational trier of fact to conclude that defendant constructively possessed the firearm.  See *id.* at 335; *Spencer*, 2012 IL App (1st) 102094, ¶ 17.  Thus, the evidence presented, viewed in the light most

4

favorable to the State, was sufficient to prove the elements of UPWF beyond a reasonable doubt. See *Collins*, 106 Ill. 2d at 261.

¶ 15                                  III. CONCLUSION

¶ 16          The judgment of the circuit court of Kankakee County is affirmed.

¶ 17          Affirmed.